Susan ESDALE, Plaintiff,

v.

**AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY,**
Defendant.

No. 94 C 4600.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 26, 1996.

Arthur M. Gorov, Berkson, Gorov & Levin, Ltd., Chicago, IL, for plaintiff.

James B. Davidson, Davidson, Goldstein, Mandell & Menkes, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

LINDBERG, District Judge.

Plaintiff, Susan Esdale, seeks a declaratory judgment that her treatment for Stage II breast cancer by high dosage chemotherapy with peripheral stem cell rescue ("HDCT/PSCR") is covered by her insurance policy with defendant, American Community Mutual Insurance Company. Defendant has moved for summary judgment.

On November 30, 1993, plaintiff applied for defendant's non-renewable short term major medical expense policy ("the policy"). The policy became effective for two months on December 1, 1993. On July 20, 1994, plaintiff filed this action in the Circuit Court of

Cook County. Defendant removed the action to this court on July 28, 1994.

The original complaint sought injunctive relief and a declaration that high dose chemotherapy with autologous bone marrow transplant ("HDCT/ABMT") was covered by the policy. The complaint was later amended to seek a declaration of coverage for HDCT/PSCR, which is the treatment actually at issue in this case.

■ The policy provided coverage for "Covered Charges." The policy stated, *inter alia:*

Covered Charge means an expense of a Family Member due to sickness or injury which:

1. Is due to Medically Necessary care or treatment[.]

. . . .

Medically Necessary means recommended by a licensed physician and commonly recognized in the licensed physician's profession as proper care or treatment. Medically Necessary does not mean a procedure that is deemed to be experimental or investigational in nature by any appropriate technological assessment body established by any state or federal government.

Summary judgment should be rendered:

[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FRCP 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). A court in ruling on a motion for summary judgment will draw all reasonable inferences from the facts favorable to the nonmoving party. *Hermes v. Hein,* 742 F.2d 350, 353 (7th Cir.1984). However, the nonmoving party bears a burden with respect to issues on which it has the burden of proof. As the 7th Circuit has said:

Summary judgment is appropriate where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).... The summary judgment standard "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." [*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ].

*Teamsters Local 282 Pension Trust Fund v. Angelos,* 839 F.2d 366, 369–70 (7th Cir.1988).

The question presented by defendant's motion for summary judgment is whether the undisputed facts establish that HDCT/PSCR for Stage II breast cancer is not medically necessary as that term is defined in the policy. According to the policy, it would not be medically necessary if it is "a procedure that is deemed to be experimental or investigational in nature by any appropriate technological assessment body established by any state or federal government." Plaintiff maintains that this requirement for medical necessity under the policy is ambiguous, citing *Lubeznik v. HealthChicago, Inc.*, 268 Ill. App.3d 953, 206 Ill.Dec. 9, 644 N.E.2d 777 (1994).

■ The portion of the *Lubeznik* opinion on which plaintiff relies for her claim that the policy is ambiguous states:

[W]e disagree with defendant that the exclusionary language was clear and unambiguous. We note that the plaintiff's insurance policy does not define the phrase "appropriate medical technology boards." The plain language of the policy does not indicate who will determine whether a certain medical board is appropriate. Further, the policy fails to outline any standards for determining how a medical board is deemed appropriate. Thus, the phrase, without more, gives rise to a genuine uncertainty about which medical boards are considered appropriate and how and by whom the determination is made.

*Lubeznik v. HealthChicago, Inc.,* 268 Ill. App.3d 953, 206 Ill.Dec. 9, 12–13, 644 N.E.2d 777, 780–81 (1994). The policy language in the instant case is quite dissimilar to that involved in *Lubeznik.* The corresponding language in the policy is "any appropriate technological assessment body established by any state or federal government," which is more specific in requiring that it be an "assessment body" and is quite clear that only those bodies established by "any state or federal government" are included. This provision is not ambiguous.

■ Defendant argues that precedent from the United States Court of Appeals for the Seventh Circuit controls the question at bar. Defendant cites four cases: *Smith v. Office of Civilian Health and Medical Program of the Uniformed Services,* 66 F.3d 905 (7th Cir.1995); *Bechtold v. Physicians Health Plan of Northern Indiana, Inc.,* 19 F.3d 322 (7th Cir.1994); *Fuja v. Benefit Trust Life Insurance Company,* 18 F.3d 1405 (7th Cir.1994); and *Harris v. Mutual of Omaha Companies,* 992 F.2d 706 (7th Cir. 1993). The *Smith* opinion cited does not even appear in the bound edition of the Federal Reporter. This is because, on December 15, 1995, the Seventh Circuit granted a petition for rehearing and vacated the court's opinion and judgment in *Smith.*

In *Bechtold,* the provision of the ERISA plan upon which the court's decision was based provided that:

'Experimental or Unproven Procedures' means any procedures, devices, drugs or medicines or the use thereof which falls within any of the following categories:

1. Which is considered by any government agency or subdivision, including but not limited to ... *HCFA Medicare Coverage Issues Manual* to be:

    . . . .

    b. *not considered reasonable and necessary* [.]

*Bechtold v. Physicians Health Plan of Northern Indiana, Inc.,* 19 F.3d 322, 325 (7th Cir.1994). It is on the basis of this language that the court upheld the ERISA plan's denial of benefits for HDCT/ABMT utilizing the de novo standard of review. *Bechtold v.*

*Physicians Health Plan of Northern Indiana, Inc.,* 19 F.3d 322, 325 (7th Cir. 1994).

In *Fuja v. Benefit Trust Life Insurance Company,* the Erisa plan defined "medically necessary" to require that a treatment not be "furnished in connection with medical or other research." *Fuja v. Benefit Trust Life Insurance Company,* 18 F.3d 1405, 1408 (7th Cir.1994). Because the treatment of the plaintiff in *Fuja* was "furnished in connection with medical or other research," the court held that the ERISA plan properly denied coverage. *Fuja v. Benefit Trust Life Insurance Company,* 18 F.3d 1405, 1410–11 (7th Cir.1994).

In *Harris v. Mutual of Omaha Companies,* the health insurance policy at issue, the Rural Carrier Benefit Plan, provided that benefits were "not provided for services and supplies ... [t]hat are investigational or experimental or are mainly for research purposes." *Harris v. Mutual of Omaha Companies,* 992 F.2d 706, 708 (7th Cir.1993). The policy further provided:

A drug, device or medical treatment is experimental or investigational:

. . . .

(2) if Reliable Evidence shows that the drug, device or medical treatment or procedure is the subject of on-going phase I, II, or III clinical trials or under study to determine its maximum tolerated dose, its toxicity, its safety, its efficacy, or its efficacy as compared with the standard means of treatment or diagnosis; or

(3) if Reliable Evidence shows that the consensus of opinion among experts regarding the drug, device or medical treatment or procedure is that further studies or clinical trials are necessary to determine its maximum tolerated dose, its toxicity, its safety, its efficacy as compared with the standard means of treatment or diagnosis.

   .     .     .     .     .

*Reliable evidence shall mean only published reports and articles* in the authoritative medical and scientific literature; the *written protocol* or protocols used by the treating facility or the protocol(s) of another facility studying substantially the same drug, device or medical treatment or pro-

cedure; or the *written informed consent* used by the treating facility or by another facility studying substantially the same drug, device or medical treatment or procedure.

*Harris v. Mutual of Omaha Companies,* 992 F.2d 706, 708 (7th Cir.1993). The court concluded:

> Only three forms of proof qualify as "reliable evidence" under the Plan. In this instance, all three forms of reliable evidence support the view that HDC–ABMT is experimental under the Plan's definition and is not covered. Specifically, the written Protocol expressly and repeatedly states that the treatment is currently at the phase II clinical trial stage; Ms. Harris would have to sign an Informed Consent Statement that clearly identifies the treatment as a phase II clinical trial; and all eighteen of the published articles and reports submitted to OPM indicated that the treatment is generally classified as a phase II or phase III clinical trial and that it is considered to be in an experimental stage.

*Harris v. Mutual of Omaha Companies,* 992 F.2d 706, 712–13 (7th Cir.1993).

In cases of this nature, it is of little assistance to the court for a party to argue, as defendant has, that a treatment has or has not been found to be "medically necessary", "experimental", or "investigational" in prior cases, unless those cases are construing contractual provisions very like those at issue and are making a determination for the same period that is at issue. As the above discussion of the Seventh Circuit cases cited by defendant shows, ERISA plan and insurance policy provisions defining medical necessity and experimental or investigational treatments differ widely. The language on which the three Seventh Circuit cases cited by defendant turned was very different from that of the policy in this case. The Seventh Circuit has observed that, "Under the present state of the law, we are bound to interpret the language of the specific contract before us and cannot amend or expand the coverage contained therein." *Fuja v. Benefit Trust Life Insurance Company,* 18 F.3d 1405, 1412 (7th Cir.1994). Neither can this court con-

strict the coverage provided. Therefore, in resolving issues like those presented in this case, the court must apply the specific language of the contract to the facts presented.

Defendant, based upon an August 1995 Office of Health Technology Assessment (OHTA) report entitled "Autologous Peripheral Stem–Cell Transplantation," argues that OHTA deems HDCT/PSCR to be experimental or investigational in nature. Plaintiff contends that OHTA in this report does not deem HDCT/PSCR to be experimental or investigational.

The issue before the court under the policy is a narrow one, and it is important to keep in mind its precise boundaries. The question is not whether HDCT/PSCR is experimental or investigational for treatment of Stage II breast cancer, nor even whether it is possible to conclude based upon the OHTA report that it is experimental or investigational for the treatment of Stage II breast cancer. The question is whether it is an undisputed fact that the OHTA deems HDCT/PSCR to be experimental or investigational for the treatment of Stage II breast cancer.

The OHTA report at no place says that HDCT/PSCR is experimental or investigational for the treatment of Stage II breast cancer or for any other condition. In the absence of such a clear statement, it is difficult to conclude based on the report that OHTA deems HDCT/PSCR to be experimental or investigational for treatment of Stage II breast cancer. Perhaps OHTA does not take a position on the question; or perhaps OHTA takes a position one way or the other on it but has not expressed that position in the report on which defendant relies. In either event, defendant is only entitled to summary judgment if the undisputed facts are that OHTA deems the procedure to be experimental or investigational for the treatment of Stage II breast cancer, and facts are not undisputed based on the OHTA report.

The foregoing is sufficient to deny defendant's motion for summary judgment. There is, however, an additional issue raised by plaintiff which may arise in subsequent proceedings in this case.

The issue as stated by plaintiff is:

4. None of the denials by AMERICAN COMMUNITY were purportedly based on any opinion of OHTA, which report, now being relied on by AMERICAN COMMUNITY, did not even come into existence until *one year after* AMERICAN COMMUNITY's denials, having been published in August 1995.

5. Thus, it is clear that AMERICAN COMMUNITY in [sic] now trying to justify its prior actions even though it did not follow the terms of its own policy which is similar to the conduct criticized by the Court in *Lubeznik.* AMERICAN COMMUNITY determined that the contemplated treatment was experimental long before it had the alleged benefits of any OHTA report.

The reference in this quote is to the portion of *Lubeznik* stating:

Third, we must note that even if the exclusionary language did apply, defendant failed to follow the terms of the insurance policy. Plaintiff's insurance policy excludes from coverage medical and surgical procedures that are considered experimental by defendant "in conjunction with appropriate technology boards." At the hearing, Dr. Mathy testified that upon learning of plaintiff's pre-certification request, he had already determined that the HDCT/ABMT was experimental prior to receiving or reviewing any information from the medical assessment boards.

*Lubeznik v. HealthChicago, Inc.,* 268 Ill. App.3d 953, 206 Ill.Dec. 9, 13, 644 N.E.2d 777, 781 (1994). Defendant's response to this argument is:

Plaintiff further suggests that OHTA's assessment of HDC/PSCR is not applicable because it was not published until after American Community's 1994 claim decision. this argument, too, is without merit. If HDC/PSCR as a treatment for Stage II breast cancer is currently deemed experimental and investigational in nature, as it is, then HDC/PSCR certainly was experimental and investigational in 1994. Indeed, in 1988, OHTA published an assessment finding that high dose chemotherapy with autologous bone marrow transplant (HDC/ABMT) was experimental and investigational as a treatment for solid tumors such as breast cancer.... As discussed above, in OHTA's 1995 assessment of HDC/PSCR, OHTA still deems HDC to be experimental and investigational.... Thus, the 1995 OHTA assessment reaffirms the published position that OHTA has maintained since at least 1988, namely that high dose chemotherapy as a treatment for breast cancer is experimental and investigational.

Defendant has clearly missed the point. Plaintiff's argument was that defendant had not followed the terms of the insurance policy by denying her claim without reliance upon the document defendant now claims establishes that OHTA deems HDC/PSCR experimental or investigational, and notes as evidence that the document did not even exist at the time the claim was denied. Defendant mistakes plaintiff's evidence of defendant's purported violation of the policy for the issue being raised, and so points to a document (not included among the materials submitted in support of the motion for summary judgment or in the Rule 12(M) statement of defendant) that was in existence prior to the time the claim was denied. It may be that plaintiff's argument can be successfully countered; the insurance policy in *Lubeznik* did, after all, have significantly different terms than the policy at issue in this case. However, it is no answer to the argument plaintiff makes to say that the 1995 OHTA report shows that HDC/PSCR was experimental or investigational in 1994 or to say that the 1988 OHTA report was in existence at the time of the denial of the claim in 1994; neither asserted fact, if true, would show that defendant relied upon either report in making its decision to deny the claim.

Because the motion for summary judgment is being denied on other grounds, it is unnecessary to determine whether it should also be denied on the ground that defendant did not rely on the OHTA report in denying the claim and so may not rely upon it in this action. The nature of the issue is discussed above only so that the issue, if it arises subsequently, may be more sharply argued.

ORDERED: Defendant American Community Mutual Insurance Company's motion for summary judgment is denied.